# Wakefield's Estate.

*Deed—Consideration — Payment — Certificate of deposit — Decedent's estates.*

Where a mother agrees to sell a farm to her son and executes a deed which she does not immediately deliver and retains possession of the farm, and it appears that a part of the consideration was to be the transfer to her of certain certificates of deposit owned by the son, and thereafter the son instead of transferring the certificates procures a new certificate payable to his mother at a later date than the old certificates were payable to him, and the mother accepts such certificate, and delivers the deed, and subsequently dies, the fact that the bank failed shortly after the date of the delivery

of the certificate, but long before the death of the mother will not make the son liable to his mother's estate for the amount of the certificate issued to his mother and which had not been paid.

In such a case the transaction was closed after the deed was delivered. If the mother had not been satisfied with the arrangement, she could have refused to deliver the deed.

Argued Oct. 23, 1917. Appeal, No. 131, Oct. T., 1917, by H. C. Wakefield, from decree of O. C. Huntingdon Co., overruling exceptions to auditor's report in Estate of Frances Wakefield, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to report of James S. Woods, Esq., auditor.

From the record it appeared that Frances Wakefield died on December 31, 1911. The facts of the case are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to auditor's report.

*H. H. Waite,* for appellant.—Mutual mistake, in consequence of which one of the parties does not get the kind or quality of property which he thought he was getting, may be corrected by an equitable action to rescind the exchange: Riegel v. American Life Ins. Co., 140 Pa. 193; Riegel v. American Life Ins. Co., 153 Pa. 134; Brady v. Standard Loan Assn., 14 W. N. C. 419; Horbach v. Gray, 8 Watts 492; Goettel v. Sage, 117 Pa. 298.

*W. M. Henderson,* for appellee.—An immediate and absolute satisfaction and discharge of a debt is effected by an acceptance of the obligation of a third party to the purchaser at the time of the purchase: McIntyre v. Kennedy, 29 Pa. 448.

OPINION BY TREXLER, J., March 2, 1918:

George M. Wakefield agreed to buy a farm from his mother. The deed was executed May 25, 1911, and left

in her possession.   It was to be paid for partly in cash and by a note which the purchaser held against his mother and partly in certain certificates of deposit in the Huntingdon Bank, which he was to transfer to her. On the first day of June he went to the bank at Huntingdon and in lieu of the old certificates and an additional sum deposited by him had a certificate of deposit issued to his mother for the amount due on the farm, the certificates being payable on the first day of September following.   He had given the bank the thirty-day notice that he desired his money on the old certificates and about thirteen days had yet to run before he could compel the bank to pay.   This would have made June 24th the approximate date of payment.   The mother died and George M. Wakefield was appointed executor and the question arises upon the demand of the other heirs to have him surcharged for the amount lost upon the certificate by reason of the failure of the bank.   The bank failed on June 11th and the deed for the farm was placed on record on July 27th.   There was some evidence that Wakefield was suspicious of the condition of the bank but the testimony shows that upon inquiry he was assured that it was all right and the auditor found that there was no bad faith in the transaction.   This finding was sustained by the court, and was a legitimate conclusion from the testimony produced.   We may pass it by without further comment.

The auditor surcharged the executor for the reason that there was a change in the terms of the agreement; that Mrs. Wakefield agreed to accept a transfer of the certificate of deposit from her son as payment to that extent of the purchase-money of the farm but that the terms were changed in that a new certificate was issued and that the date when the money could be demanded from the bank was changed and that the presumption therefore arose that she accepted the certificate merely as a conditional payment.   The court did not agree with the conclusion of the auditor in that respect and denied

148, (1918).]        Opinion of the Court.

the surcharge. There was no doubt about it that Mrs. Wakefield had a right to demand the carrying out of the bargain for the sale of the farm according to the terms agreed upon and if there was a material change in the transaction to her prejudice she could object but all the discussion of the acceptance by a creditor of a negotiable note of a third party, that it is ordinarily only conditional payment, we think has no application to the case before us. Mrs. Wakefield was informed that the bank had issued a certificate in her name. To quote the language of the letter giving her the information, it was "payable to her alone on September 1, 1911, and four per cent. int." After she delivered the deed, the transaction was closed. She knew what she was getting and knowing this she parted with what she had bargained to sell. Had she not been satisfied with the arrangement she could have refused to deliver the deed. That there is no certain evidence as to the exact date the deed was delivered makes no difference. It was certainly delivered after the certificate was issued to her and she being satisfied with the arrangement her heirs cannot now complain. There was considerable discussion as to what the exact agreement was but it would serve no useful purpose to refer at length to the testimony. A careful reading of it shows that the facts upon which the learned judge of the Orphans' Court based his conclusion, clearly appear.

Judgment affirmed.